UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

BRENDA TURUNEN,

       Plaintiff,

v.                                                                                                  Case No. 2:13-CV-106

KEITH CREAGH, DIRECTOR,                                             HON. GORDON J. QUIST
MICHIGAN DEPARTMENT OF
NATURAL RESOURCES and
JAMIE CLOVER ADAMS, DIRECTOR,
MICHIGAN DEPARTMENT OF
AGRICULTURE

       Defendants.
_____/

## OPINION

      Plaintiff, Brenda Turunen, is a member of the Keweenaw Bay Indian Community (KBIC), a federally recognized Indian tribe in Michigan's Upper Peninsula that is the successor-in-interest to the L'Anse and Ontonagon bands of the Lake Superior Chippewa Indians. In 1842, the Lake Superior Chippewa Indians signed a treaty with the United States of America, 7 Stat. 591 (the 1842 Treaty), in which the Indian signatories ceded large portions of the western Upper Peninsula of Michigan, but reserved "the right of hunting on the ceded territory, with the other usual privileges of occupancy." 7 Stat. 591.

      Plaintiff owns property that is within the "ceded territory" at issue in the 1842 Treaty. Plaintiff asserts that the "the usual privileges of occupancy" reserved by the KBIC on the ceded territory included commercial farming and animal husbandry. Based on that interpretation of the 1842 Treaty, Plaintiff seeks a declaration that she may—as a member of the KBIC—raise animals free from state regulation on her property within the ceded territory.

Plaintiff's claim rests on the twin propositions that the KBIC retained certain rights in the 1842 Treaty, and that she may exercise such rights based on her membership in the KBIC. Although the Court must determine the scope of the rights retained by the KBIC to resolve Plaintiff's claim, the KBIC is not a party to this action. Thus, the Court previously sought briefing from the parties regarding whether the KBIC should be joined pursuant to Federal Rule of Civil Procedure 19, and whether the case should be dismissed if the KBIC could not be joined.[1] After the parties responded, the Court—at Plaintiff's urging—ordered Plaintiff to notify the KBIC of the pending action and the opportunity to intervene. The KBIC followed up to that notification with a letter to the Court stating that it would not intervene in the action, and further urging that the action be dismissed under Rule 19. For the following reasons, the Court concludes that the matter should be dismissed.

### *Legal Standard*

Rule 19 requires that certain parties must be joined to a lawsuit. Fed. R. Civ. P. 19. The rule further recognizes that joinder of certain parties is not always feasible, and provides that a case may be subject to dismissal if a required party cannot be joined. A court may "consider sua sponte the absence of a required person and dismiss for failure to join." *Republic of the Phillipines v. Pimentel*, 553 U.S. 851, 861, 128 S. Ct. 2180, 2188 (2008).

Courts employ a three-step test to determine whether an absent party must be joined or whether the case must be dismissed if that party cannot be joined. *Sch. Dist. of the City of Pontiac v. Sec'y of U.S. Dep't of Educ.*, 584 F.3d 253, 301 (6th Cir. 2009) (en banc) (McKeague, J., concurring). *See also* Fed. R. Civ. P. 19. First, a court should consider whether an absent party is a required party. *Sch. Dist. of the City of Pontiac*, 584 F.3d at 301. If the absent party is required,

---

[1] The Court's previous Order also questioned whether the other tribes that are successors-in-interest to the 1842 Treaty's signatories were required parties under Rule 19. Because the KBIC has declined to intervene and opposes continuation of this case, however, the Court will focus its analysis on the KBIC rather than the other signatories.

the court then considers whether joinder is feasible. *Id.* If joinder is not feasible, the court must weigh the equities to determine if the case should continue in the party's absence or should be dismissed. *Id.*

### *Discussion*

Plaintiff acknowledges that the KBIC is a required party because Defendants would be "subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations," Fed. R. Civ. P. 19(B)(ii), if the Court entered judgment in the KBIC's absence. *See Keweenaw Bay Indian Cmty. v. Michigan*, 11 F.3d 1341, 1347 (6th Cir. 1993) (finding that a decision in a case to interpret the 1842 Treaty in the absence of tribal signatories would leave the defendants "subject to a substantial risk of incurring multiple or otherwise inconsistent obligations"). In other words, because the KBIC would not be bound by any decision in this lawsuit, it could bring future actions against Defendants to interpret the 1842 Treaty that could lead to inconsistent determinations regarding the scope of the KBIC's rights under that treaty. It is further uncontested that joinder is not feasible because the KBIC possesses sovereign immunity. *See id*.

Thus, the Court must proceed to the third step of the Rule 19 inquiry and determine "whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b). Rule 19 lists the following four factors for courts to consider:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
>
> (2) the extent to which any prejudice could be lessened or avoided by:
>
>> (A) protective provisions in the judgment;
>>
>> (B) shaping the relief; or
>>
>> (C) other measures;

3

> (3) whether a judgment rendered in the person's absence would be adequate; and
>
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b).  Although all four factors should be considered in each case, "the weighing of the equities is more circumscribed" in cases in which "the absent party is a sovereign." *Sch. Dist. of the City of Pontiac*, 584 F.3d at 305 (McKeague, concurring).  "This is 'because immunity may be viewed as one of those interests compelling by themselves.'" *Id.* (quoting *Kickapoo Tribe v. Babbit*, 43 F.3d 1491, 1498 (D.C. Cir. 1995)).

Plaintiff acknowledges that a judgment rendered in Defendants' favor would prejudice the KBIC, but argues that any prejudice to the KBIC is of its own making because the KBIC has chosen not to intervene.  Courts have routinely rejected the idea that courts should consider a sovereign's refusal to intervene in determining the possibility of prejudice.  *See N. Arapaho Tribe v. Harnsberger*, 660 F. Supp. 2d 1264, 1281 (D. Wyo. 2009), aff'd in part, vacated in part, 697 F.3d 1272 (10th Cir. 2012) (listing cases).  "The fact that a sovereign entity could have intervened, but chose not to, cannot be considered as a mitigating factor to weigh against th[e] likelihood of prejudice." *Id. See also Navajo Tribe of Indians v. State of N.M.*, 809 F.2d 1455, 1473 (10th Cir. 1987) ("To argue, as the [plaintiff] does, that the [sovereign entity] can protect its interest through voluntary intervention would render Rule 19(b) almost completely nugatory.").  Accordingly, the Court concludes that the first factor weighs in favor of dismissal.

In analyzing the second factor, the Court sees no way of fashioning relief or shaping its judgment to lessen prejudice to the KBIC.  Plaintiff has asked this Court to rule that the 1842 Treaty prohibits the State of Michigan from regulating agricultural activities on the ceded land.  The Court must conclude that the KBIC either retained certain rights or it did not—the Court can fathom no way of answering such question that would lessen the prejudice to the KBIC.  *See N. Arapaho Tribe*

*v. Harnsberger*, 697 F.3d 1272, 1282 (10th Cir. 2012) (finding that the court could not lessen or avoid the prejudice of a judgment in a case that required a determination of whether certain areas were in Indian country due to "the all-or-nothing nature" of the interest at issue).

Plaintiff argues that the Court could lessen the prejudice to the KBIC by retaining jurisdiction of the case after judgment, which Plaintiff contends would allow the Court to "revisit the judgment" in the event of a future lawsuit by the KBIC. Infrequently, a district court will explicitly retain jurisdiction following judgment to enforce or implement an order or judgment. *See e.g., N. Am. Recycling, LLC v. Texamet Recycling, LLC*, No. 2:08-CV-579, 2012 WL 3283380, at *3 (S.D. Ohio Aug. 10, 2012). The Court is unaware, however, of any court that has retained jurisdiction of a case indefinitely so that it can revisit its judgement at a later date. In essence, Plaintiff argues that the Court could simply change its mind if future events proved that the Court's judgment was in error. Such a concept is not compatible with the federal courts' "interest in the finality of their judgments." *Wright v. Warden, Riverbend Maximum Sec. Inst.*, 793 F.3d 670, 673 (6th Cir. 2015). Because the Court is unpersuaded that it could lessen the prejudice to the KBIC by retaining jurisdiction of the case following final judgment, the second factor weighs in favor of dismissal.

Plaintiff's analysis of the third factor is based on a misunderstanding of that factor. Plaintiff argues that the third factor weighs in her favor because a judgment would be adequate among the parties even in the KBIC's absence. However, the Supreme Court has interpreted this factor "to refer to [the] public stake in settling disputes by wholes, whenever possible, for clearly the plaintiff, who himself chose both the forum and the parties defendant, will not be heard to complain about the sufficiency of the relief obtainable against them." *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 111, 88 S. Ct. 733, 739 (1968). The interests that form the basis of the third factor are those of "the courts and the public in complete, consistent, and efficient settlement

5

of controversies," *id.*, rather than the interests of a plaintiff in receiving complete relief. Permitting this litigation to proceed in the absence of the KBIC would not wholly settle the underlying dispute because the KBIC would not be bound by the judgment. Accordingly, this factor weighs in favor of dismissal.

The fourth factor weighs against dismissal because Plaintiff would not have an adequate remedy if the Court dismissed the action. Although Defendants argue that Plaintiff could persuade the KBIC to initiate a lawsuit challenging the regulation at issue or persuade the legislature to change the law, these are not viable options. The KBIC has rejected the opportunity to participate in this lawsuit, and there is no indication it intends to file a separate lawsuit. Similarly, Defendants provide no evidence indicating that the legislature would be inclined to address the issues of which Plaintiff complains.

The fact that Plaintiff would be left without a remedy, however, is not dispositive in this case. "A plaintiff's inability to seek relief . . . does not automatically preclude dismissal, particularly where that inability results from a tribe's exercise of its right to sovereign immunity." *United States ex rel. Hall v. Tribal Dev. Corp.*, 100 F.3d 476, 480 (7th Cir. 1996). On the contrary, other courts have dismissed actions involving absent tribes invoking sovereign immunity, even though such dismissals left the plaintiffs without a remedy. *See N. Arapaho Tribe*, 697 F.3d at 1283 (noting that the fact that the plaintiff would be left without a remedy, "while unsatisfying, does not preclude dismissal, particularly when viewed in light of the Tribe's sovereign immunity and the first three Rule 19(b) factors") (internal alterations and quotation marks omitted); *Makah Indian Tribe v. Verity*, 910 F.2d 555, 560 (9th Cir. 1990) (noting that "[s]overeign immunity may leave a party with no forum for its claims," and that "lack of an alternative forum does not automatically prevent dismissal of a suit"); *Hall*, 100 F.3d at 480. Such cases "reflect the strong policy that has favored

dismissal when a court cannot join a tribe because of sovereign immunity." *Davis v. United States*, 192 F.3d 951, 960 (10th Cir. 1999).

The Supreme Court recently discussed the fourth Rule 19(b) factor in a case involving sovereign immunity. *Pimentel*, 553 U.S. 851, 128 S. Ct. 2180. *Pimental* involved a dispute over a brokerage account that included allegedly illicit funds linked to the Phillipines government. The Republic of the Phillipines was included as a defendant via interpleader, but later dismissed because it was a sovereign. The Supreme Court held that the action should have been dismissed under Rule 19, reasoning that any prejudice to the stakeholder in the action was outweighed by the absent entity invoking sovereign immunity. *Id.* at 872, 128 S. Ct. at 2194. The Court explained that although "[d]ismissal under Rule 19(b) will mean, in some instances, that plaintiffs will be left without a forum for definitive resolution of their claims[,]. . . that result is contemplated under the doctrine of foreign sovereign immunity." *Id.*

As other courts have recognized, *Pimental* is distinguishable from cases involving claims of tribal sovereign immunity. *See Dine Citizens Against Ruining Our Env't v. U.S. Office of Surface Mining Reclamation & Enf't*, No. 12-CV-1275-AP, 2013 WL 68701, at *3-4 (D. Colo. Jan. 4, 2013); *Klamath Tribe Claims Comm. v. United States*, 106 Fed. Cl. 87, 96 (2012), *aff'd sub nom. Klamath Claims Comm. v. United States*, 541 F. App'x 974 (Fed. Cir. 2013). Nonetheless, the Supreme Court's analysis is helpful because it illustrates the principle that sovereign immunity itself is a compelling interest in the Rule 19(b) analysis. *See Klamath Tribe*, 106 Fed. Cl. at 96. Subsequent cases confirm that such reasoning applies to tribes as well as foreign sovereigns. *See N. Arapaho Tribe*, 697 F.3d at 1283 (citing *Pimental* in finding that a tribe's sovereign immunity was an important consideration in the Rule 19(b)(4) analysis).

Finally, the KBIC's interests are particularly strong under the unique circumstances of this case. Plaintiff asserts claims based on rights that she argues arise from the 1842 Treaty, yet Plaintiff

7

herself was not a party to that treaty.  Rather, to the extent that Plaintiff has any rights under the 1842 Treaty, they arise solely by virtue of her membership in the KBIC.  Yet, the KBIC not only refuses to be a part of this action, it further urges the Court to dismiss it.  The Court is unaware of any case in which a court has interpreted a treaty based solely on the request from a tribal member and against the wishes of the treaty's signatories.

### *Conclusion*

The Court concludes that the KBIC is a required party to this action and that joinder of the KBIC is not feasible.  The Court further finds that the first three factors under Rule 19(b) weigh in favor of dismissal.  Although the fourth factor weighs against dismissal, such factor is not dispositive, particularly in light of the interests presented by the KBIC's invocation of its sovereign immunity.  Accordingly, the Court concludes this action should be dismissed pursuant to Rule 19.

An Order consistent with this Opinion shall follow.


Dated: March 31, 2016                              /s/ Gordon J. Quist
                                                 GORDON J. QUIST
                                           UNITED STATES DISTRICT JUDGE